IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLEG KOSTOVETSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMBIT ENERGY HOLDINGS, LLC, AMBIT MIDWEST, LLC, AMBIT TEXAS, LLC, AMBIT NORTHEAST, LLC, AMBIT MARKETING, LLC, AMBIT ILLINOIS, LLC, AMBIT CALIFORNIA, LLC, AMBIT HOLDINGS, LLC, AMBIT NEW JERSEY, LLC, AMBIT MANAGEMENT, INC., AMBIT GROUP, L.P., AMBIT SYSTEMS, INC., A JERE THOMPSON, JR., CHRIS CHAMBLESS, JOHN DOES 1-100,<br><br>Defendant. | §<br>§<br>§<br>§<br>§ NO. 1:15-cv-02553<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants Ambit Energy Holdings, LLC; Ambit Midwest, LLC; Ambit Texas, LLC; Ambit Northeast, LLC; Ambit Marketing, LLC; Ambit Illinois, LLC; Ambit California, LLC; Ambit Holdings, LLC; Ambit New Jersey, LLC; Ambit Management, Inc.; Ambit Group, L.P.; Ambit Systems, Inc.; A. Jere Thompson, Jr.; and Chris Chambless (collectively, "Defendants") move to dismiss Plaintiff Oleg Kostovetsky's claims under Federal Rule of Civil Procedure 12(b)(6).

### **Objection to Personal Jurisdiction**

To the extent the Court dismisses the RICO claims but does not dismiss the entire lawsuit, Defendants Ambit Texas, LLC; Ambit Northeast, LLC; Ambit California, LLC; Ambit New Jersey, LLC; A. Jere Thompson, Jr.; and Chris Chambless assert the defense of lack of

personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and will submit evidence and briefing on this issue on a schedule to be determined by the Court.

### Basis for Rule 12(b)(6) Motion to Dismiss

This motion to dismiss should be granted in its entirety on the following grounds: (1) Plaintiff's RICO and unjust enrichment claims—both of which are based on allegations of fraud—do not satisfy Rule 9(b)'s heightened pleading standards; (2) Plaintiff's RICO claim fails because Plaintiff pleads no facts to plausibly allege proximate cause; (3) Plaintiff does not plead facts to support three of the four elements of a RICO claim; (4) Plaintiff's unjust enrichment claim fails because the underlying tort allegations fail; and (5) Plaintiff cannot maintain a multi-state class action for unjust enrichment, because Plaintiff does not plead the state law that applies. For these reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice.

Dated: June 2, 2015.

Respectfully submitted,

By: */s/ Michael D. Sher*
Michael D. Sher
NEAL, GERBER & EISENBERG, LLP
2 N La Salle St Ste 1700
Chicago, IL 60602-4000
Telephone: (312) 269-8000
Facsimile: (312) 429-3553
msher@ngelaw.com

Stephen C. Rasch
*Admitted pro hac vice*
Michael W. Stockham
*Admitted pro hac vice*
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Facsimile: 214.969.1751
Stephen.Rasch@tklaw.com
Michael.Stockham@tklaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Michael D. Sher, hereby certify that on June 2, 2015, I electronically filed the foregoing document, which will send notification of such filing to counsel of record for all parties.

*/s/ Michael D. Sher*